ENTERTAINMENT INDUSTRY DEVELOPMENT CORPORATION OF SOUTHERN CALIFORNIA, a California Non–Profit Corporation, Plaintiff–Appellant,

v.

UNITED STATES LIABILITY INSURANCE COMPANY, a corporation, Defendant–Appellee.

No. 06–55177.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Nov. 14, 2007.

Before: BYBEE and M. SMITH, Circuit Judges, and MILLS *, District Judge.

MEMORANDUM **

Since the facts of this case are known to the parties, we do not recite them here.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Entertainment Industry Development Corporation of Southern California (EIDC) argues that the district court's dismissal of the Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) was improper because: (1) EIDC's insurance policy obligated United States Liability Insurance Company (USLIC) to defend EIDC against a criminal investigation initiated by the District Attorney of Los Angeles County; and (2) California Insurance Code § 533.5(b) permits insurance coverage for the cost of defending against a pre-charge criminal investigation.

USLIC was not obligated to defend EIDC under the terms of the insurance policy. Here, there was no potential under the parties' insurance policy that USLIC would be obligated to indemnify EIDC against any penalties that might follow from the District Attorney's criminal investigation. *Scottsdale Ins. Co. v. MV Transp.,* 36 Cal.4th 643, 31 Cal.Rptr.3d 147, 115 P.3d 460, 466 (2005); *Jaffe v. Cranford Ins. Co.,* 168 Cal.App.3d 930, 214 Cal.Rptr. 567, 570 (1985). Because EIDC's claim arose in California, the policy language providing that "Loss" does not include "matters deemed uninsurable under the law pursuant to which this Policy shall be construed" must be understood to refer to California law. *See Downey Venture v. LMI Ins. Co.,* 66 Cal.App.4th 478, 78 Cal.Rptr.2d 142, 164 (1998). California prohibits insurers from providing coverage for criminal sanctions. *See, e.g.,* Cal. Civ. Code § 1668; *Jaffe,* 214 Cal.Rptr. at 570. The policy definition of "Loss" therefore necessarily excludes indemnity coverage for punishments that may be imposed as a result of a criminal prosecution. EIDC could not reasonably expect coverage for defense against a criminal investigation under a policy that does not even potentially indemnify against criminal sanctions. *See Scottsdale Ins. Co.,* 31 Cal.Rptr.3d 147, 115 P.3d at 469.

The district court's interpretation of California Insurance Code § 533.5(b) need not be addressed because there was no defense obligation under the language of the insurance policy.

The district court's grant of the motion to dismiss with prejudice under Federal Rule of Civil Procedure 12(b)(6) is AFFIRMED.